[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR FORCIBLE ENTRY
The plaintiff, United Saving Association of Texas (United Saving), the mortgagee, filed a foreclosure complaint on October 9, 1992 against the defendants/mortgagors Kwadwo Yeboah and Cheryl Yeboah. On April 5, 1993, United Saving filed an amended complaint requesting that it be granted immediate and exclusive possession of the mortgaged premises. On March 28, 1994 the court entered judgment of strict foreclosure. On June 24, 1994 an execution for ejectment was applied for and the clerk of the court granted said execution on June 27, 1994.
On July 5, 1994, with the execution in hand, the deputy sheriff attempted to serve Kwadwo Yeboah and Cheryl Yeboah with notice of ejectment. The deputy did not succeed in personally serving the Yeboahs; however, in his return of service he indicates he used reasonable efforts to locate them. On July 5, 1994 the deputy sheriff also notified the chief executive officer of the town that the ejectment would take place on August 16, 1994.
In his motion for order, United Saving's attorney asserts that "[o]n three separate occasions from August 10, through August 15, 1994, Deputy Sheriff John McGuire notified the occupants of the subject premises that he intended to eject them from the premises on August 16, 1994, if they had not voluntarily vacated the premises. On August 16, 1994, Deputy Sheriff John McGuire went to the subject premises in order to remove the occupants. At that time, the occupants indicated that they were CT Page 11975 not leaving the premises and that they had barricaded themselves inside of the premises." These facts are not contained in any affidavit or other sworn document in the court file.
Execution on ejectment on a foreclosure judgment is controlled by General Statutes § 49-22 which provides in pertinent part:
 (a) In any action brought for the foreclosure of a mortgage or lien upon land, or for any equitable relief in relation to land, the plaintiff may, in his complaint, demand possession of the land, and the court may, if it renders judgment in his favor and finds that he is entitled to the possession of the land, issue execution of ejectment, commanding the officer to eject the person or persons in possession of the land and to put in possession thereof the plaintiff or the party to the foreclosure entitled to the possession by the provisions of the decree of said court, . . . . The officer shall eject the person or persons in possession and may remove such person's possessions and personal effects and set them out on the adjacent sidewalk, street or highway."
(Emphasis added.)
Section 49-22(b) also mandates, in relevant part, that "[b]efore any such removal, the sheriff or deputy charged with executing upon the ejectment shall give the chief executive officer of the town twenty-four hours notice of the ejectment, stating the date, time and location of such ejectment as well as a general description, if known, of the types and amount of property to be removed from the land."
In affecting the execution, the statute
 prescribes no specific method by which the officer shall carry out the mandate thus imposed upon him. Obviously an officer would not be justified under this order, in imposing upon the mortgagor in possession, any unreasonable or illegal hardship or loss in either person or property. On the other hand, with full notice that his possession is then illegal, the mortgagor cannot prevent the officer from performing his duty, by resisting, or by absenting himself and locking the officer out of the premises."
CT Page 11976
(Emphasis added.) Nourse v. Lycett, 114 Conn. 432, 438,159 A. 277 (1932). In carrying out the ejectment the officer can use "no undue or unreasonable force, nor . . . injure, lose or misuse the property . . . found in the house." Id., 439.[1]
Thus, since United Saving requested possession of the property in its complaint and judgment has been entered for the plaintiff, the court must order an execution on ejectment. Thereafter, as long as the deputy complies with the notice requirements of General Statutes § 49-22(b), the deputy is entitled to use reasonable force in removing Kwadwo Yeboah and Cheryl Yeboah and their belongings from the premises.
The law requires this decision whether the court finds the results harsh or that the timing during the holiday season seems inappropriate.
The court is required to enforce the law.
It is so ordered.